UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Filed Electronically*

GEORGE HARRIS
AND
JANET HARRIS

CIVIL ACTION NO: 3:21cv-00035-BB
JURY TRIAL DEMAND

        PLAINTIFFS

v.

**HONEYWELL INTERNATIONAL, INC.,** Individually and as Successor in Interest to Allied Signal Corp., Allied Chemical, Wilputte Coke Oven and The Bendix Corporation
300 South Tryon Street
Charlotte, NC 28202

    **SERVE:**    CORPORATION SERVICE COMPANY
                        421 West Main Street
                        Frankfort, KY 40601

**PNEUMO-ABEX, LLC,** Successor in Interest to Abex Corporation
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

    **SERVE:**    SECRETARY OF STATE
                        State Capitol Building
                        Frankfort, KY 40601

**CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.,**
f/k/a Motion Control Industries, Inc.
c/o United Agent Group, Inc.
3411 Silverside Road
Tatnall Building #104
Wilmington, DE 19810

    **SERVE:**    SECRETARY OF STATE
                        State Capitol Building
                        Frankfort, KY 40601

AND

**BRIDGESTONE AMERICAS, INC.,** Successor in Interest
to Firestone Tire & Rubber Company
d/b/a World Bestos Company
200 4th Avenue S.
Nashville, TN 37201

      **SERVE:**    UNITED AGENCY GROUP, INC.
                        101 N. 7th Street
                        Louisville, KY 40202

      **DEFENDANTS**

                        \*\* \*\* \*\* \*\* \*\*

Come the Plaintiffs, George Harris and Janet Harris, by counsel, and for their Complaint, state as follows:

## PARTIES

1. Plaintiffs, George and Janet Harris, reside at 11613 Winding Stream Way, Louisville, Kentucky.

2. Plaintiff, George Harris was at all times relevant hereto, occupationally exposed to the asbestos-containing products manufactured or distributed by the Defendants.

3. Plaintiff, George Harris was diagnosed with asbestos-related lung cancer in and around April of 2020, as a result of his exposure to asbestos-containing products manufactured, sold, distributed, or installed by the Defendants.

4. The Defendants are as follows:

Defendant, **HONEYWELL INTERNATIONAL, INC., Individually and as Successor in Interest to Allied Signal Corp, Allied Chemical, Wilputte Coke Oven and The Bendix Corporation,** is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of North Carolina.

Defendant, **PNEUMO-ABEX, LLC Successor in Interest to Abex Corp**, is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Delaware.

Defendant, **CARLISLE INDUSTRIAL BRAKE & FRICTION, INC.**, f/k/a Motion Control Industries, Inc., is a corporation organized under the laws of the State of Delaware, with a principal place of business located in the State of Indiana.

Defendant, **BRIDGESTONE AMERICAS, INC.**, Successor in Interest to Firestone Tire & Rubber Company, d/b/a World Bestos Company, is a corporation organized under the laws of the State of Nevada, with its principal place of business in the State of Tennessee.

## JURISDICTION

5. There is complete diversity of citizenship between Plaintiffs and Defendants. The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and amount in controversy.

6. This Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. § 1332. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (b). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

7. Defendants, Honeywell International, Inc., Individually and as Successor in Interest to Allied Signal Corp., Allied Chemical, Wilputte Coke Oven and The Bendix Corporation; Pneumo-Abex, LLC Successor in Interest to Abex Corporation; Carlisle Industrial Brake & Friction, Inc., f/k/a Motion Control Industries, Inc.; and Bridgestone Americas, Inc., Successor in Interest to Firestone Tire & Rubber Company, d/b/a World Bestos Company are all corporations or other business entities which have been and/or are now manufacturing, selling, distributing, installing, constructing, specifying, designing, formulating, developing standards for, preparing,

processing, assembling, testing, listing, certifying, marketing, advertising, packaging, labeling, installing, or otherwise placing in the stream of commerce, asbestos products in the Commonwealth of Kentucky to which the Plaintiff, George Harris was exposed, thereby causing the Plaintiff to suffer tortious injuries.

8. This Court has personal jurisdiction over each of the Defendants in this action, pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because, during the relevant time period, they transacted business in the Commonwealth of Kentucky, supplied goods and services in the Commonwealth of Kentucky and/or contracted to supply goods or services in this Commonwealth of Kentucky giving rise to Plaintiffs' claims.

9. This Court has personal jurisdiction over the Defendants in this action pursuant to KRS 454.210 (the "Kentucky Long Arm Statute") because during the relevant period of time these Defendants, among other things, derived substantial revenue from Kentucky and caused tortious injury to the Plaintiffs in this Commonwealth giving rise to Plaintiffs' claims. Further, each Defendant has certain minimum contacts with the State of Kentucky such that maintenance of this action does not offend traditional notions of fair play and substantial justice.

## FACTUAL BASIS OF CLAIM

10. The Plaintiff, George Harris developed an asbestos-related disease, lung cancer, as a result of his exposure to asbestos products in and around Jefferson County, Kentucky. Mr. Harris was diagnosed in or around April of 2020. He worked with and around asbestos-containing products manufactured, sold, distributed, designed, processed, assembled, certified, marketed, advertised, packaged, labeled or otherwise placed in the stream of commerce by the Defendants.

11. Plaintiff, George Harris was exposed to the Defendants' asbestos-containing products. This includes, but is not necessarily limited to, exposure to the Defendants' asbestos-containing friction materials.

12. The Defendants for many years manufactured, sold, distributed, installed, assembled, certified, marketed, advertised, packaged, labeled, or otherwise placed into the stream of commerce products that contained asbestos including, but not limited to, brakes, brake linings, and other asbestos products associated with automobiles or vehicles.

13. The Defendants for many years manufactured, sold, distributed, installed, assembled, certified, marketed, advertised, packaged, labeled, or otherwise placed into the stream of commerce asbestos-containing products, including but not limited to brakes, brake linings, friction products, and other asbestos products or components for use at the Plaintiff's workplaces.

14. Upon information and belief, the Defendants knew that in the ordinary and foreseeable use of their asbestos products, asbestos fibers would be released into the air during the installation, maintenance, and removal of their products.

15. Upon information and belief, the Defendants knew that individuals using or working in proximity of their asbestos-containing products would inhale substantial amounts of dust and asbestos fibers.

16. The defendants and/or their predecessors incorporated asbestos-containing component parts into their products rendering them hazardous and defective. The Defendants and/or their predecessors also sold and/or specified asbestos-containing replacement parts which they knew or should have known would have exposed individuals, such as George Harris, to excessive and harmful levels of asbestos fibers during the foreseeable removal, installation and/or

maintenance of these asbestos-containing friction products, components, and/or replacement friction parts.

17. The asbestos-containing products manufactured, distributed, sold and/or installed by the Defendants reached George Harris and other workers without any substantial change or alteration from their original form.

18. Upon information and belief, for many years the Defendants had in their possession medical and scientific information alerting them to the grave dangers inherent in asbestos-containing products, including such dangers as asbestosis, lung cancer, mesothelioma, other asbestos-related diseases.

19. Upon information and belief, the Defendants have known for many years that persons such as George Harris would be exposed to asbestos fibers during the ordinary and foreseeable use of their asbestos products, including the installation, maintenance, and removal of those products.

20. The asbestos-containing products sold or distributed by the Defendants were in a defective condition unreasonably dangerous to George Harris.

21. Upon information and belief, the Defendants intentionally and willfully concealed from the public knowledge of the hazardous nature of asbestos, and conspired with other companies to conceal the true dangers of asbestos exposure, and intentionally and willfully failed to warn persons such as George Harris, his co-workers, and their employers of the dangers inherent in the use, installation, maintenance, and removal of their asbestos-containing products.

22. The Defendants failed for many years to place any warnings whatsoever on their asbestos-containing products and when finally forced to do so, provided clearly inadequate warnings.

23. The Defendants impliedly warranted that their asbestos-containing products were reasonably fit for use and safe for their intended purposes.

24. Persons such as George Harris did not know of the nature and extent of the danger presented by the ordinary and foreseeable use, installation, maintenance, or removal of the Defendants' asbestos-containing products.

## CLAIMS FOR RELIEF

### COUNT 1
### STRICT LIABILITY
### DESIGN DEFECT/CONSUMER EXPECTATION

25. The Plaintiffs restate and reallege each allegation contained in Paragraphs 1 through 24 as though restated herein in full.

26. The aforesaid actions of the Defendants result in their strict liability in tort for manufacturing, selling, distributing, constructing, designing, formulating, developing standards for, preparing, processing, assembling, testing, listing, certifying, marketing, advertising, packaging, labeling, installing, specifying or otherwise placing into the stream of commerce asbestos-containing products which reached George Harris in a defective condition unreasonably dangerous, without substantial change or alteration, which was the proximate cause of Plaintiffs' injuries. The consumer and/or user of these products, including George Harris, expected the products would perform safely. George Harris did not expect Defendants' products to cause harm, including cancer.

### COUNT II
### STRICT LIABILITY - FAILURE TO WARN

27. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 26 as though restated herein in full.

28. The aforesaid actions of the Defendants result in their strict liability in tort for selling and placing into the stream of commerce asbestos-containing products without adequate warnings concerning the hazards of their products, which was the proximate cause of George Harris's injuries.

## COUNT III
## NEGLIGENCE
## FAILURE TO EXERCISE ORDINARY CARE

29. The Plaintiffs restate and reallege each allegation contained in Paragraphs 1 through 28 as though restated herein in full.

30. The aforesaid actions of the Defendants constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm suffered by George Harris.

## COUNT IV
## NEGLIGENCE - FAILURE TO WARN

31. The Plaintiffs restate and reallege each allegation contained in paragraphs 1 through 30 as though restated herein in full.

32. The aforesaid actions of the Defendants constitute negligence in that they failed to warn about the health hazards they knew or should have known about the asbestos containing products they manufactured, sold, distributed, constructed, designed, formulated, developed standards for, prepared, processed, assembled, tested, listed, certified, marketed, advertised, packaged, labeled, installed, specified or otherwise placed in the stream of commerce, and this failure has been the proximate cause of the bodily harm suffered by the Plaintiff, George Harris.

### COUNT V
### PERSONAL INJURIES

33. The Plaintiffs restate and reallege each allegation contained in Paragraphs 1 through 32 as though restated herein in full.

34. As a direct and proximate result of the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants, George Harris developed diseases and bodily injuries including, but not limited to lung cancer. George Harris has undergone great physical pain, mental anguish, shock to his nerves and nervous system and severe anxiety; has incurred and will continue to incur a loss of his power to labor and earn; has incurred medical bills and will continue to incur medical bills as a result of the Defendants' aforesaid conduct, which caused him to develop lung cancer, in excess of the jurisdictional limits of this court.

### COUNT VI
### LOSS OF SPOUSAL CONSORTIUM
### JANET HARRIS

35. Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 34 as though restated herein in full.

36. As a direct and proximate result of the Defendants' actions and resulting injuries to the Plaintiff, George Harris, as stated above, Plaintiff, Janet Harris has been deprived of the societies and labors of her husband to her damage in an amount in excess of the jurisdictional limits of this court.

### COUNT VII
### PUNITIVE DAMAGES

37. Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 36 as though restated herein in full.

38. The aforesaid injuries of George Harris and Janet Harris were brought about by the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, intentional and outrageous conduct, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants, which demonstrated a flagrant indifference for the rights of George Harris and Janet Harris with a subjective awareness that such conduct would result in human death or bodily harm, entitling Plaintiff to recover punitive damages against the Defendants in a fair and reasonable amount.

**WHEREFORE,** Plaintiffs, George Harris and Janet Harris, demand judgment against the Defendants and each of them individually, jointly and severally for an amount in excess of Seventy-Five Thousand Dollars ($75,000), for compensatory damages including damages for the impairment/destruction of the Plaintiff's power to labor and earn money, past and future medical expenses, mental and physical pain and suffering, and loss of spousal consortium as well as punitive damages, costs of the action, and all relief to which they may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Paul J. Kelley*
Joseph D. Satterley
Paul J. Kelley
Paul J. Ivie
J. Eric Kiser
J. Garrett Cambron
SATTERLEY & KELLEY
8700 Westport Road, Suite 202
Louisville, KY 40242
PH: (502) 589-5600
jsatterley@satterleylaw.com
pkelley@satterleylaw.com
pivie@satterleylaw.com
ekiser@satterleylaw.com
gcambron@satterleylaw.com